PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. January 4, 1908.)

RECEIVERS—INTEREST ON BONDS—ACCOUNTING.

> Where, on an application to require receivers of a railway company to pay interest on certain bonds, a report of assets and liabilities had been made on behalf of the bondholders, but no accountant had been applied for on behalf of the stockholders, and the report made might not be correct in all respects, a master would be appointed to take evidence with reference to the account and report the same to the court.

See 157 Fed. 440.

Mr. Coudert, for the Attorney General and the state receivers.

Mr. Kirlin, for the Metropolitan Street Railway Company.

Mr. Kramer, for a committee (not yet advertised) of minority stockholders of the Metropolitan.

Mr. Thacher, for a committee of Metropolitan stockholders, John I. Waterbury, chairman.

Mr. Geller, for a committee of bondholders of the Metropolitan Street Railway Company Four Per Cent. Refunding Bonds, of which Edwin S. Marston is chairman.

Mr. Quackenbush, for the New York City Railway Company.

Mr. Catchings, as general creditor of the New York City Railway Company.

Edward M. Shepard, for a committee of Third Avenue stockholders, Edward M. Kremer, chairman.

Mr. Winthrop, for the Morton Trust Company.

Thomas & Oppenheimer, for "a substantial number of bondholders of the Third Avenue."

Mr. Bowers, for a committee of bondholders under the Third Avenue consolidated mortgage, of which James Wallace is chairman.

Mr. Blanc, for the Farmers' Loan & Trust Company, trustee of the Third Avenue first mortgage.

Mr. Wollman, for Mr. Kohn, a petitioner for intervention.

Arthur H. Masten, for petitioner.

LACOMBE, Circuit Judge. At the hearing of December 19th on petition of receivers for instructions as to what they should do in regard to interest about to fall due on Third Avenue railroad bonds, and in such briefs as have been since submitted, the general consensus of opinion seemed to be that counsel representing the various interests desired more time to examine into the facts before making any suggestions. No one suggested any way to overcome the practical difficulty indicated in receiver's petition, viz., the lack of funds to pay the $875,000 of interest on such bonds, which fell due January 1, 1908, or any substantial part thereof. The receivers, therefore, did not pay such interest.

Now comes the Third Avenue Railroad Company upon a notice of motion for December 31st, adjourned to January 3d, and asks that the receivers be directed to pay such interest. Upon this hearing it was suggested that it be sent to a master to take proofs upon which the existing situation can be more fully set forth, and it appears that

by reason of the terms of the mortgage there is a period of 60 days' grace for payment of the mortgage interest, so that no rights of any one will be cut off in the interim. That course will be taken, a special master will be appointed to take proofs upon issues presented by the petition of Third Avenue Railroad Company and such other proofs as may be relevant thereto, and report thereon with all convenient speed. Upon the coming in of such report there will be a further hearing on this petition.

It is proper and desirable, however, that the court should call attention to the great importance of expedition on the part of all concerned. At the very outset of this receivership, as soon as it learned through receivers that very heavy payments under this Third Avenue lease were to fall due in the near future, the court in a memorandum filed early in October intimated that the question of their payment would soon have to be taken up. It was supposed that all different interests would move promptly to secure representation through committees and counsel, and the accountants employed by the receivers were instructed to give their first attention to the subject of Third Avenue operation. They did so, and after several weeks of investigation prepared an elaborate report, which was the basis of receivers' application (December 13th) for instructions. The receivers also were instructed to (and did) accord right of way to any accountants who might apply to examine the records on behalf of Third Avenue interests. Such an examination was made on behalf of Third Avenue bondholders, and it is understood that a report has been made by these accountants; but, of course, that has not been laid before receivers or the court. No accountant applied on behalf of stockholders. Such reports as these, made after careful investigation by wholly disinterested and competent experts, are, in the nature of things, more persuasive than the suggestions and assertions of persons who have not made a like investigation. It is by such investigations and reports that a court obtains the information on which instructions to receivers are given. Nevertheless they may be incorrect in some respects, either as to facts reported, or as to facts overlooked, or deductions drawn; and for that reason a hearing before the master seems to be the only way by which the court can be more fully advised in advance of final instructions. But the importance of prompt action on the part of every one interested in presenting facts before the master is surely manifest. The receivers will afford every facility to such accountant as the petitioner may send to examine the records bearing on Third Avenue operation; and they will forthwith put on file in the clerk's office a copy of the report of the accountants, Price Waterhouse & Co., as to that road.

Counsel for Third Avenue Railroad may take an order for appointment of special master to take testimony and report as above indicated. Order to be settled, on two days' notice, any day after 2 p. m.